## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| IZAAK WALTON LEAGUE OF AMERICA, INC.; WILDERNESS WATCH; SIERRA CLUB NORTHSTAR CHAPTER; and NORTHEASTERN MINNESOTANS FOR WILDERNESS,<br><br>                    Plaintiffs,<br><br>v.<br><br>ABIGAIL KIMBELL, Chief of the United States Forest Service, and ED SCHAFER, Secretary of Agriculture,[1]<br><br>                    Defendants,<br><br>and<br><br>COOK COUNTY, CONSERVATIONISTS WITH COMMON SENSE, and ARROWHEAD COALITION FOR MULTIPLE USE,<br><br>                    Intervenors. | Civil No. 06-3357 (JRT/RLE)<br><br><br><br><br><br><br><br><br><br>**MEMORANDUM OPINION** |

Kristen M. Gast, Brian B. O'Neill, Richard A. Duncan, and Jonathan W. Dettmann, **FAEGRE & BENSON LLP**, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402-3901, for plaintiffs.

David W. Fuller, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for defendants.

David R. Oberstar, **FRYBERGER, BUCHANAN, SMITH & FREDERICK, PA**, 700 Lonsdale Building, 302 West Superior Street, Duluth, MN 55802, for intervenors.

---

[1] Ed Schafer is substituted for Mike Johanns pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

This case is before the Court on plaintiffs' motion for entry of judgment under Rule 54(b) of the Federal Rules of Civil Procedure.  On January 11, 2008, this Court issued an Order granting the parties' joint motions to enter judgment on all claims.  Plaintiffs now seek an Order entering judgment on fewer than all claims.  Specifically, plaintiffs seek judgment as to Counts I, II, IV, and V of plaintiffs' Complaint.  Plaintiffs contend that because Count III was not fully adjudicated, and remains contingent on further development of the factual record in this case, the Court's Memorandum Opinion and Order dated September 28, 2007 is not a "final" order as to all claims.  *See Catlin v. United States*, 324 U.S. 229, 233 (1945).

Rule 54(b) provides that the Court "may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b).  The Court agrees with plaintiffs that entry of judgment on Counts I, II, IV, and V, but not on Count III, is appropriate in this case.  The Court would find no just reason for delaying entry of final judgment on these specific counts, given that immediate review of the Court's decision regarding Counts I, II, IV, and V will likely shorten the litigation and may foreclose the need for further litigation on Count III.

However, the parties have not demonstrated – or addressed – whether this Court has jurisdiction to modify the judgment in light of Rule 60(a) of the Federal Rules of Civil Procedure.  Rule 60(a) provides:

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without

notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

The judgment entered on January 11, 2008 entered final judgment as to all claims. As noted above, however, Count III of the Complaint has not been fully adjudicated, as resolution of that claim will depend on further development of the factual record in connection with the United States Forest Service's preparation of an Environmental Impact Statement. If the entry of judgment as to all claims qualifies as a "mistake arising from oversight or omission," this Court would be precluded under Rule 60(a) from further modifying the judgment to reflect the Court's intention while an appeal is pending before the Eighth Circuit.

The Eighth Circuit is presently considering jurisdictional issues on appeal. This Court is reluctant to modify the judgment in a way that might alter or undermine those issues before the Circuit, even if such modification more accurately reflects the intention of the Court's January 11, 2008 order. *See In re Modern Textile, Inc.*, 900 F.2d 1184, 1193 (8th Cir. 1990) (stating that the underlying purpose of Rule 60(a) is to "ensure that the issues on appeal are not undermined or altered as a result of changes in the district court's judgment, unless such changes are made with the appellate court's knowledge and authorization"). For these reasons, the Court declines to rule on plaintiffs' Rule 54(b) motion at this time.

- 4 -

However, upon leave of the Eighth Circuit to modify the final judgment in this case, or upon further clarification by the Circuit that such leave is not necessary in this instance, the Court would at that time grant plaintiffs' motion for entry of judgment under Rule 54(b), amending its January 11, 2008 Order and entering judgment only on Counts I, II, IV, and V of plaintiffs' Complaint.

DATED:   April 14, 2008               s/ John R. Tunheim  
at Minneapolis, Minnesota.                 JOHN R. TUNHEIM  
                                                       United States District Judge